# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# AT LONDON

| | |
|---|---|
| ROSCOE CHAMBERS,<br>    **Plaintiff,**<br><br>V.<br><br>DR. HARDY, ET AL.,<br>    **Defendants.** | CIVIL ACTION NO. 6:17-256-KKC<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\* \*\*\* \*\*\*

Plaintiff Roscoe Chambers is an inmate confined at the United States Penitentiary ("USP") Lewisburg in Lewisburg, Pennsylvania. Proceeding without an attorney, Chambers has filed a civil rights action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) in which he alleges that Defendants acted with deliberate indifference to his medical needs in violation of his constitutional rights while Chambers was confined at United States Penitentiary-McCreary ("USP-McCreary") in Pine Knot, Kentucky. [R. 1]

By separate order the Court has granted Chambers's motion to proceed without prepayment of the filing fee. [R. 8]. Thus, the Court must conduct a preliminary review of Chambers's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Chambers's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007);

1

*Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Chambers's Complaint generally alleges that Defendants all acted with deliberate indifference to his medical needs in violation of the Eighth Amendment. Specifically, he alleges that Dr. Hardy, identified as USP-McCreary's physician, operated on Chambers's foot without his permission and neglected to send Chambers for knee replacement. [R. 1 at p. 3]. He alleges that Ormond (Warden) and Barrone (Assistant Warden) were aware of Chambers's medical situation and had him transferred to a non-medical facility, in deliberate indifference to his medical needs. [*Id*. at p. 3]. Chambers further alleges that Defendant Jones, the facility Health Care Administrator, was aware of his need for knee replacement and other injuries, but deliberately denied him medical attention. [*Id*. at p. 4]. Finally, Chambers alleges that an "Unknown PA-C" denied him appropriate medical attention, used her staff office to deny him medicine and a transfer to a medical facility. [*Id*. at p. 4]. He has sued all of Defendants in their official and individual capacities. [*Id*.].

Chambers previously filed these claims in the United States District Court for the Central District of California. *Chambers v. Dr. Allen, et al.*, 5:17-cv-1353-MWF-KES (C.D. Cal. 2017). As the district court explained in that case, "Plaintiff alleges that doctors, wardens, and administrators throughout the federal prison system have been deliberately indifferent to his medical needs. All of his allegations center around the fact that he has been refused surgery on both knees, his right foot, and his right hand." [*Id*. at R. 7]. The district court thoroughly analyzed Chambers's claims in that case, including those that he has re-alleged here, and found that Chambers' failed to state a claim against the defendant medical providers and prison staff. [*Id*.].

The district court ultimately dismissed Chambers's complaint with leave to amend to correct the deficiencies identified in the court's order, although it also noted that it did not have personal jurisdiction over the defendants named by Chambers located in Kentucky. [*Id*.]. Thus, the Court instructed Chambers that, should he wish to pursue lawsuits against those defendants, he should file separate complaints in the courts that have personal jurisdiction over those defendants. [*Id*.]. Shortly after his complaint was dismissed in California, he filed this lawsuit, as well as a similar lawsuit against staff at USP-Big Sandy, located in Inez, Kentucky. *Chambers v. Sepanek, et al.*, No. 7:17-cv-146-KKC (E.D. Ky. 2017).

Thus, the Court notes that, although the district court in California ultimately found that it did not have jurisdiction over Chambers's claims that he has now brought in this case, the deficiencies in those claims have already been identified and explained to Chambers. Thus, his Complaint in this case is essentially his second "bite at the apple."

The Court has carefully reviewed the Complaint filed by Chambers in this case and has found that he has again failed to allege facts sufficient to state a claim of deliberate indifference to his medical needs with respect to his "official capacity" claims, as well as his individual capacity claims against Ormond, Barrone, Jones and "Unknown PA-C." First, Chambers's claims against "unknown PA-C" fail because unnamed defendants, without any identifying description, cannot be parties. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (affirming district court's dismissal of "John Doe (Unknown Legal Name), Guard, Charlotte Correctional Institute").

Next, to the extent Chambers seeks to pursue his *Bivens* claim against Defendants in their official capacities, such a claim is barred by sovereign immunity. A suit against a government employee in his or her "official capacity" is not a suit against the employee for his or her conduct while performing job duties for the government, but is rather a suit against the government agency

3

that employs the individual. Thus, an official capacity suit against a Bureau of Prisons ("BOP") employee is a suit against the BOP, which is a federal agency. While *Bivens* authorizes suits against federal employees for violations of civil rights, it does not waive the sovereign immunity enjoyed by the United States and its agencies. *Ctr. for Bio–Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 370 (6th Cir. 2011) (*Bivens* claims may be asserted against federal officials only in their individual capacities); *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003).

Chambers's "individual capacity" claims against Ormond, Barrone, and Jones also fail. While *Bivens* expressly validated the availability of a claim for damages against a federal official in his or her individual capacity, an officer is only responsible for his or her own conduct. *Ashcroft v. Iqbal*, 556 U.S.662, 676-677 (2009). *See also Ziglar v. Abbasi*, 137 S.Ct. 1843, 1860 (2017). The mere fact of supervisory capacity is not enough: an official must be personally involved in the conduct complained of because *respondeat superior* is not an available theory of liability. *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981).

Here, Chambers generally alleges that Ormond, Barrone and Jones were aware of his "medical needs" and denied him medical attention, but even according to Chambers's own allegations, these Defendants are administrators, not medical providers. To establish that non-medical personnel such as a warden or jailer was deliberately indifferent to an inmate's serious medical needs, the plaintiff must demonstrate that he intentionally prevented or interfered with a doctor's course of appropriate treatment, or directly or tacitly authorized the physician's clear mistreatment or neglect of an inmate. *Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004) ("If a prisoner is under the care of medical experts...a non-medical prison official will generally be justified in believing that the prisoner is in capable hands."); *Brock v. Wright*, 315 F.3d 158, 164-65 (2d Cir. 2003) (absent evidence that warden was medically trained or independently understood

4

allegedly adverse consequences of regional medical director's decision not to refer prisoner for outside treatment, warden was not deliberately indifferent to prisoner's medical needs merely for adopting medical director's decision); *Coleman v. Lappin*, No. 6: 10-CV-186-GFVT, 2011 WL 4591092, at *6-7 (E.D. Ky. 2011) (collecting cases); *Fuller v. Shartle*, 2012 WL 1068805, at *4-5 (N.D. Ohio 2012).

Chambers's makes no such allegations against Ormond, Barrone, or Jones. He does not allege that any of these individuals were aware of the seriousness of his medical injuries, nor that any of them were personally involved in the decisions made regarding Chambers's medical care. The absence of any of these allegations is particularly notable because Chambers was specifically instructed by the California Court that, in order to state a deliberate indifference claim against the individual Defendants, he must allege facts demonstrating that Chambers's injuries were serious and that the Defendants actually knew that he was at a substantial risk of harm. *Chambers v. Dr. Allen, et al.*, 5:17-cv-1353-MWF-KES (C.D. Cal. 2017) at R. 7, p. 7. However, his Complaint in filed in this action fails to address any of these deficiencies. Accordingly, his "individual capacity" claims against Ormond, Barrone and Jones will be dismissed without prejudice.

Although these claims will be dismissed, the Court finds that a response is required with respect to Chambers's Eighth Amendment claim against Dr. Hardy in his individual capacity. Because the Court has granted Chambers *pauper* status, the Clerk's Office and the United States Marshals Service ("USMS") will serve Defendant Dr. Hardy with a summons and copy of the complaint on his behalf. Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d).

Accordingly, it is hereby **ORDERED** as follows

1. Chambers's "official capacity" claims against all Defendants are **DISMISSED WITH PREJUDICE**.

2. Chambers's "individual capacity" claims against Defendants Ormond, Barrone, Jones and Unknown PA-C are **DISMISSED WITHOUT PREJUDICE**.

3. The Deputy Clerk shall prepare two (2) "Service Packets" for service upon the United States of America and Defendant Dr. Hardy. Each Service Packet shall include:

    a. a completed summons form;

    b. the complaint [R. 1];

    c. the Order granting Plaintiff *in forma pauperis* status [R. 8];

    d. this Order; and

    e. a completed USM Form 285.

4. The Deputy Clerk shall deliver the Service Packets to the USMS in Lexington, Kentucky and note the date of delivery in the docket.

5. The USMS shall serve the United States of America by sending a Service Packet by certified or registered mail to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky; and the Office of the Attorney General of the United States in Washington, D.C.

6. The USMS shall personally serve Defendants Dr. Hardy at USP-McCreary in Pine Knot, Kentucky through arrangement with the Federal Bureau of Prisons.

7. Chambers must immediately advise the Clerk's Office of any change in his current mailing address. **Failure to do so may result in dismissal of this case**.

8. If Chambers wishes to seek relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office. Every motion Chambers files must include a written certification that he has mailed a copy of it to the defendants or their counsel and state the date of mailing. **The Court will disregard letters sent to the judge's chambers or motions lacking a certificate of service.**

Dated May 11, 2018.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY